UNITED STATES OF AMERICA
DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF MICHIGAN

Leonard Junior Cousino, a Natural Person,

                Plaintiff,                              Case No. 1:23-cv-1174

vs.

                                                          Judge Janet Neff

COUNTY OF CALHOUN, a public body corporate; STEVEN HINCKLEY*, an individual; JOHN PIGNATARO*, an individual; KATHERINE K. M. AMBROSE (P63149)*, an individual, as individuals and state actors operating under color of law;

                Defendants

                                                           Notice of Objection to
                                                           Defendant's Untimely Filings
                                                           and Request for Default
                                                           Judgment by Affidavit

_____/

Leonard Junior Cousino, a Natural Person and Plaintiff *In Propria Persona*
13450 West Michigan Avenue
Marshall, MI 49068
(269) 967-7010

_____/

ROSATI, SCHULTZ, JOPPICH,& AMTSBUECHLER, P.C.
ANDREW J. BREGE (P71474)
ALEXANDRA L. PAGE (P84663)
*Attorneys for Defendants*
822 Centennial Way, Ste. 270
Lansing, MI 48917
(517) 886-3800
abrege@rsjalaw.com
apage@rsjalaw.com

_____/

Notice of Objection to Defendant's Untimely Filings
and Request for Default Judgment by Affidavit

Affidavit

I, Affiant/Plaintiff and Natural Person Leonard Junior Cousino, do declare and assert that the following statements are true and correct:

Now comes Plaintiff and Natural Person Leonard Junior Cousino (hereafter, "Plaintiff") before this Court to provide notice of his specific objections to the untimely filing of appearance, response and motion to dismiss (docket number #10) submitted by the purported attorneys of defendants ANDREW J. BREGE (P71474) and ALEXANDRA L. PAGE (P84663), and to again request the granting of default judgment and summary judgment in Plaintiff's favor, in the manner of FRCP Rules 4, 5, 7, 8, 9, 12, and 56, *inter alia*; for the following reasons:

Statement of Facts

1. That Plaintiff and Natural Person Leonard Junior Cousino hereby provides notice of his specific objections to defendant's untimely filing of appearance, response to Plaintiff's motion for default judgment, and the motion to dismiss (docket #10), and thus enumerated:

2. Plaintiff disputes and denies all statements and claims made in said responses and motion as untimely and immaterial.

3. That, after receiving permission from Magistrate Green to proceed on November 7, 2023 (docket #2), each of the above-named defendants were mailed on November 14, 2023 by use of USPS "green card" service from the United States Post Office in Marshall, Michigan a correctly-addressed envelope containing a sealed copy of the instant "SUMMONS" and the "Notice of Original Civil Complaint by Affidavit" (docket #1).

4. That Plaintiff had then received those returned green cards by mail to his home address and which had been mailed from the Grand Rapids Post Office on November 15, 16, 17, and 20, 2023 (docket #7).

5. That defendants did receive and accept the initial presentments in this civil matter, and did not refuse and return said documents, thereby perfecting service according to MCR 2.105(A)(2). Reference - MCR 2.105(A)(2)

"(A) Individuals. Process may be served on a resident or nonresident individual by
(1) delivering a summons and a copy of the complaint to the defendant personally; or
(2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2)." MCR 2.105(A)

6. That service was effected upon defendant COUNTY OF CALHOUN by mailing the summons and complaint to the county corporate attorney (at that that time JAMES L. DYER (P32544)) without said fictional entity having to provide its signature; and presumably, the employee agent of the municipal corporation who signed on behalf of the fictional person also had authority to sign on behalf of the other county state actor defendant KATHERINE K. M. AMBROSE (P63149)*, as well as the signator (Sally Jenkins) of the other state actor defendant employee agents of the CALHOUN COUNTY SHERIFF'S DEPARTMENT; and according to the restrictive theory of service put forth by defendants' attorneys, it would be impossible to ever effect service on a corporate entity, which is incapable of signing anything.

7. That Plaintiff then provided notice to the clerk on January 3, 2024 (docket #9) of said default and additionally requested that the court enter a default judgment against each defendant, and provide Plaintiff all the relief requested in his original complaint (docket #1). Reference - Docket entries #1, #9 (1:23-cv-1174 W.D. Mich.)

8. That on January 12, 2024, attorneys from ROSATI, SCHULTZ, JOPPICH,& AMTSBUECH-LER, P.C., ANDREW J. BREGE (P71474) and ALEXANDRA L. PAGE (P84663) acknowledged receipt of the summons ans complaint by the act of filing general appearances in a captioned response on behalf of all of the named defendants in this action, and traversing to particular claims asserted by Plaintiff, thereby giving sufficient facts to allow the court to reasonably calculate that actual notice had been provided to defendants satisfying due process requirements. Reference - Mullane v. Century Hanover Bank and Trust Company, 339 US 306 (1950)

" Notice must be reasonably calculated under the circumstances to inform interested parties of a pending action and give them an opportunity to respond." Mullane v. Century Hanover Bank and Trust Company, 339 US 306 (1950)

9. That Plaintiff asserts that, not being able to dispute or deny the meritorious facts and law of the original complaint, defendants' attorneys are instead trying to rely on a hypertechnical procedural escape mechanism even though it has already been demonstrated by the docket record itself that defendants' had received sufficient and proper notice of the summons and complaint, but still failed to respond in a timely manner. Reference - Rule 4

10. Plaintiff also candidly asserts that, for the reasons described above, such lack of due diligence to timely comply with court procedures, and the procedural arguments made in bad faith by defendants' attorneys to evade service of process, is actually reflective of the basic contempt by state actors in the Calhoun County courts for the authentic "rule of law" and upholding the performance demands that come from their "oath of office"; and, as such, defendants, through their legal representatives, have failed to demonstrate good cause for defendants' failure to timely respond and, due to their lack of due diligence and deliberate indifference toward court process, should have a default judgment entered against them.

11. That Plaintiff asserts to the court that his undisputed presented facts, applicability of references of law set forth in this action meritoriously stand in favor of Plaintiff's Constitutional claims, and, pursuant to Federal Rules of Civil Procedure 56, he is entitled to summary judgment in vindication of his constitutionally-protected natural right to be free from unreasonable search and seizure. Reference - Rule 56 FRCP

Brief in Support

"If the government becomes a law-breaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy." Olmstead, et alia vs. United States, 277 US 438, 485 (1928)

"Men born to freedom are naturally alert to repel invasion of their liberty by evil-minded rulers. The greatest dangers to liberty lurk in insidious encroachment by men of zeal, well-meaning, but without understanding." Olmstead, *et alia*, vs. United States, 277 US 438 (1928)(Justice Brandeis' dissenting opinion)

Request for Relief

In consideration of the statement of facts and references of law set forth above, Affiant/Plaintiff and Natural Person Leonard Junior Cousino does request the following relief:

1. That this Court takes notice of Plaintiff's objections to the "<u>DEFENDANTS' RESPONSE IN OPPOSITION TO [ECF NO. 9] PLAINTIFF'S MOTION FOR DEFAULT</u>" of January 12, 2024 for the reasons enumerated above;

2. That this Court either strike the "<u>DEFENDANTS' RESPONSE IN OPPOSITION TO [ECF NO. 9] PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>" of January 12, 2024 as untimely, or disregard all the relief requested by defendants' attorneys in said document;

3. That this Court grant Plaintiff's request for default judgment and all other requests for relief as have been previously requested in this action by Plaintiff; and

4. Any other form of relief that this Court deems appropriate.

I, Affiant/Plaintiff and Natural Person Leonard Junior Cousino, further say nothing.

All Rights Reserved,

*[signature: Leonard Junior Cousino]*

1-24-24

Leonard Junior Cousino
13450 West Michigan Avenue
Marshall, Michigan

Self-Verification

I, Affiant/Plaintiff and Natural Person Leonard Junior Cousino, do attest and affirm that the averments and statements in the above "Notice of Objection to Defendant's Untimely Filings and Request for Default Judgment by Affidavit" are true and correct, under penalty of perjury.

All Rights Reserved,

1-24-24  *[signature: Leonard Junior Cousino]*

Leonard Junior Cousino
13450 West Michigan Avenue
Marshall, Michigan