UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD COUSINO,

        Plaintiff,                        Hon. Janet T. Neff

v.                                      Case No. 1:23-cv-1174

CALHOUN COUNTY, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default (ECF No. 9) and Plaintiff's Motion for Default Judgment (ECF No. 11).  Plaintiff initiated this action against Calhoun County and three individuals alleging that his rights were violated during a police search of his residence.  (ECF No. 1).  Plaintiff now moves for entry of default and default judgment against Defendants.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions both be denied.

Plaintiff is not proceeding as a pauper in this matter and is, therefore, responsible for accomplishing service on Defendants.  Plaintiff purported to accomplish service by mailing to Defendants a copy of the summons and complaint.  (ECF No. 9, PageID.55-58).  Plaintiff's efforts do not satisfy the Federal Rules of Civil Procedure.

Service on an individual can be accomplished in one of four ways: (1) personal delivery to the individual of the summons and complaint; (2) leaving a copy of the

-1-

summons and complaint at the individual's dwelling with a resident of suitable age and discretion; (3) delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process; or (4) accomplishing service in a manner consistent with Michigan law. FED. R. CIV. P. 4(e). Relevant here, Michigan law authorizes service via mail but only by certified mail which is "delivery restricted" to the defendant. *See, e.g., Foreman v. United States*, 2022 WL 6600956 at *3 (E.D. Mich., Aug. 2, 2022).

Plaintiff has not demonstrated compliance with any of these methods of service. There is no indication that Plaintiff accomplished service via options (1)-(3) above. Moreover, Plaintiff's attempts to accomplish service via mail are insufficient because the mail was not sent "delivery restricted." Because Plaintiff failed to send the summons and complaint "delivery restricted," none of the individual defendants personally accepted delivery of such. Accordingly, service has not been properly accomplished on any of the individual defendants.

With respect to Defendant Calhoun County, the result is the same. Service on a local government can be properly accomplished in one of two ways: (1) delivering a copy of the summons and complaint to the County's chief executive officer, or (2) accomplishing service in a manner consistent with Michigan law. FED. R. CIV. P. 4(j). Relevant here, Michigan law provides that a county can be properly served by personally serving the chairperson of the county commission or the county clerk. *See*

*Adams v. County of Calhoun*, 2017 WL 1100845 at *2 (W.D. Mich., Mar. 24, 2017). Again, Plaintiff has not demonstrated compliance with either of these methods of service.

In sum, because service has not been properly accomplished on any Defendant, it is inaccurate to conclude that any Defendant has failed to answer or otherwise respond to Plaintiff's complaint. Thus, entry of default against any Defendant is not proper. *See* Fed. R. Civ. P. 55(a). Because entry of default is inappropriate, Plaintiff's motion for default judgment likewise fails. *See, e.g., Price v. Howard*, 2011 WL 1212238 at *1 (W.D. Mich., Jan. 18, 2011) (entry of default is a prerequisite to entry of default judgment).

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Default (ECF No. 9) and Plaintiff's Motion for Default Judgment (ECF No. 11) both be denied. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 9, 2024                    /s/ Phillip J. Green
                                      PHILLIP J. GREEN
                                      United States Magistrate Judge